UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUNHONEY LLC,

Plaintiff,

-against-

LIZIACHE, QUYI CLOTHING ONLINE STORE, XIANHUAXUE, and MIEMIEE,

Defendants.

Case No. 1:26-cv-06162 (JLR)

**ORDER ORDER GRANTING AMENDED EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER**

JENNIFER L. ROCHON, United States District Judge:

This matter is before the Court on Plaintiff's Amended *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets Dkts. 20-23, pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, 17 U.S.C. § 504, and The All Writs Act, 28 U.S.C. § 1651(a), by SUNHONEY LLC ("Sunhoney" or "Plaintiff").

Plaintiff asks the Court to enter a Temporary Restraining Order and an order restraining the financial accounts used by four Defendants, LIZIACHE, QUYI CLOTHING ONLINE STORE, XIANHUAXUE, and MIEMIEE (collectively, the "Defendants"). For the reasons that follow and those stated on the record during the conference on the requested TRO on August 13, 2026, the Court finds Plaintiff has satisfied the requirements for issuance of a Temporary Restraining Order as to Defendants Liziache and Miemiee (the "TRO Defendants"). Therefore Plaintiff's motion is **GRANTED** as to the TRO Defendants and **DENIED** without prejudice as to Defendants Quyi Clothing Online Store and Xianhuaxue.

## PROCEDURAL BACKGROUND

On July 21, 2026, Plaintiff filed its Complaint, Dkt. 1, against Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law trademark infringement, common law unfair competition, copyright infringement, and removal of copyright

management information. On July 23, 2026, Plaintiff filed its first *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, which was denied without prejudice. Dkts. 11, 18. On August 10, 2026, Plaintiff filed its Amended *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. Dkts. 20-23. On August 13, 2026, the Court held a conference to discuss the application. ("TRO Hearing").

**LEGAL STANDARD**

A temporary restraining order ("TRO"), like a preliminary injunction, "is an extraordinary remedy never awarded as of right." *Salinger v. Coking*, 607 F.3d 68, 79 (2d Cir.2010). To obtain a Temporary Restraining Order, a party must demonstrate "(1) that he will suffer irreparable harm without the TRO or injunction; (2) that he is likely to succeed on the merits; . . . (3) that the balance of hardships tips in his favor," *Ingber v. New York City Dept. of Educ.*, No. 14-cv-3942 (JMF), 2014 WL 2575780, at *2 (S.D.N.Y. June 9, 2014), and (4) "that an injunction is in the public interest," *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020 (citation omitted)). *Accord Time Warner Cable v. Bloomberg*, 118 F.3d 917, 923 (2d Cir.1997).

"Federal Rule of Civil Procedure 65 provides that a Court may issue an *ex parte* Temporary Restraining Order without written or oral notice to a defendant only if specific facts show that 'irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition' and 'the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *MAHLE Thermal & Fluid Sys. Mfg. Mgt., Inc. v. Stark Mfg., LLC*, No. 26-cv-00083 (MMG), 2026 WL 74282, at *2 (S.D.N.Y. Jan. 9, 2026) (quoting Fed. R. Civ. P. 65(b)).

*Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

**DISCUSSION**

The Court, having considered Plaintiff's *ex parte* application, including the papers and other evidence submitted in support, and for the reasons set forth on the record during the TRO Hearing on August 13, 2026, the Court concludes that a TRO against the TRO Defendants is appropriate here. Plaintiff is likely to prevail on its Copyright infringement claims against the TRO Defendants. As a result of the TRO Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before TRO Defendants can be heard in opposition, unless Plaintiff's application for *ex parte* relief is granted. For example:

a) TRO Defendants own or control individual seller stores via Amazon operating under their Seller IDs which advertise, promote, offer for sale, and sell products bearing or using infringements of Plaintiff's copyright in violation of Plaintiff's rights;

b) Plaintiff has good cause to believe that more infringing products violating Plaintiff's copyrights will appear in the marketplace, that consumers are likely to be misled, confused, or disappointed by the quality of these products, and that Plaintiff may suffer loss of sales for its genuine products; and

c) Plaintiff has good cause to believe that if Plaintiff proceeds to put TRO Defendants on notice of this Application, TRO Defendants can easily and quickly transfer or modify e-commerce store registration data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and

ownership of the Seller IDs, thereby thwarting Plaintiff's ability to obtain meaningful relief.

The potential harm to TRO Defendants in restraining their trade in infringing goods if a Temporary Restraining Order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

The public interest favors issuance of the Temporary Restraining Order to protect Plaintiff's copyright interests and protect the public from being defrauded by the passing off their goods as Plaintiff's genuine goods. The Copyright Act allows Sunhoney to recover, as an equitable remedy, the actual damages suffered as result of the infringement and any additional profits of the TRO Defendants that are attributable to the infringement and are not taken into account in computing the actual damages (17 U.S.C. § 504(b)) or statutory damages (17 U.S.C § 504(c)).

In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that TRO Defendants have violated federal or copyright laws, Plaintiff has good reason to believe TRO Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, the Court, having considered the Motion, and having found good cause as to the TRO Defendants, it is **ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part, and a Temporary Restraining Order is entered as follows:

**TEMPORARY RESTRAINING ORDER**

1. Each TRO Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any TRO Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Copyrighted Photographs or any confusingly similar copyrights; and

b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing or using the Copyrighted Photographs, or any confusingly similar copyrights; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products using the Copyrighted Photographs, or any confusingly similar copyrights; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any TRO Defendant including, but not limited to, any assets held by or on behalf of any TRO Defendant;

2. Each TRO Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any TRO Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Copyrighted Photographs, on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon under the Seller IDs. This order is limited to the TRO Defendants' listings using the Copyrighted Photographs, or any confusingly similar copyrights, on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon under the Seller IDs, and does not apply to the TRO Defendants' entire e-commerce stores.

3. Each TRO Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any TRO Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of

the Copyrighted Photographs, or any confusingly similar copyrights, within domain name extensions, metatags or other markers within website source code, from use on any webpage at Amazon (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to individual seller stores registered, owned, or operated by any TRO Defendant at Amazon under the Seller IDs.

4. Each TRO Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

5. Upon receipt of notice of this Order, TRO Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal Holdings, Inc. ("PayPal"), Stripe, Inc. and/or Stripe Payments Company ("Stripe") and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the individual seller stores at Amazon operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified by Amazon or by the TRO Defendants' own e-commerce stores, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

6. Upon receipt of notice of this Order, TRO Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, PayPal, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the TRO Defendants' listings that are alleged to infringe Plaintiff's copyrights; and (iv) the true identities along with complete contact information including email addresses of all TRO Defendants.

7. No funds restrained by this Order shall be transferred or surrendered by any TRO Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, PayPal, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

8. No TRO Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, PayPal, Stripe, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

9. Any TRO Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

10. This Order shall apply to the Seller IDs, associated individual seller stores at Amazon, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by TRO Defendants for the purpose of infringing the Copyrighted Photographs.

11. This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated by the parties.

**BOND TO BE POSTED**

12. Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), as payment of damages to which TRO Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court, and in the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

**NOTICE TO TRO DEFENDANTS**

13. After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall provide notice of this Order to TRO Defendants by serving copies of the complaint, summons, and this Order on each TRO Defendant by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each of the Seller IDs so that the marketplace platform, in turn, notifies each TRO Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

14. Plaintiff shall post copies of the complaint, summons, the application, this Order, as well as all other documents filed in this action on the website located at the URL

www.sriplaw.com/notice and shall provide the address to the website to the TRO Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

15. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to TRO Defendants by regularly updating the website located at the URL www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court. To be clear, this Order does not extend to service of process on TRO Defendants.

16. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace websites and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with TRO Defendants' respective Seller IDs.

17. TRO Defendants shall have five (5) business days to comply with this Temporary Restraining Order following notice.

**PRELIMINARY INJUNCTION**

18. A remote video hearing will be held on **August 27, 2026**, at **3:00 p.m.**, at which time TRO Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested Preliminary Injunction. Counsel will receive log-in credentials at the email addresses on the docket. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 518 756 763#.

19. After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall serve copies of the Complaint, Application, and this Order, on each TRO Defendant by e-mail and/or online contact form or other means of electronic contact provided on the individual seller stores at Amazon operating under the Seller IDs, or by providing a copy of this Order by e-mail to Amazon for each of the Seller IDs so that the marketplace platform, in turn, notifies each TRO Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

20. Plaintiff shall post copies of the Complaint, the Application, this Order, as well as all other documents filed in this action on the website located at www.sriplaw.com/notice and shall provide the address to the website to the TRO Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

21. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to TRO Defendants by regularly updating the website located at www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

22. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of Amazon and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to PayPal, Stripe, and their related companies and affiliates shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with TRO Defendants' respective Seller IDs.

23. Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel by **August 19, 2026**.

24. Plaintiff shall file any reply to memorandum on or before **August 24, 2026**.

25. The above dates may be revised upon stipulation by all parties and approval of this Court.

26. TRO Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a Preliminary Injunction against them pursuant to 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 20.

Dated: August 13, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge